IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BOYD | * | |
|     Plaintiff | * | |
| | * | |
| V. | * | |
| | * | |
| WAL-MART | * | NO: 4:12CV00415 SWW |
| | * | |
|     Defendant | * | |
| | * | |

## ORDER

On July 9, 2012 Plaintiff Michael Boyd commenced this action *pro se*, naming Wal-Mart as defendant. Along with the complaint, Plaintiff filed an application for leave to proceed *in forma pauperis* (docket entry #1) and a motion for appointment of counsel (docket entry #2). Finding Plaintiff's filings deficient, by order entered July 27, 2012, the Court directed Plaintiff to file an amended complaint setting forth additional information and to pay the statutory filing fee of $350 or submit a properly completed application to proceed *in forma pauperis*. On August 20, 2012, Plaintiff filed a second application for leave to proceed *in forma pauperis* (docket entry #5), an amended complaint (docket entry #6), and a motion for appointment of counsel (docket entry #7). After careful consideration, and for reasons that follow, this action is dismissed with prejudice, and Plaintiff's motions are dismissed as moot.

As noted in the Court's order entered July 27, 2012, Plaintiff's initial complaint was void of any factual allegations. Accordingly, the Court directed Plaintiff to file an amended complaint, stating specific conduct committed by Defendant, which Plaintiff claims violated his rights under the law. Plaintiff has now filed an amended complaint, which indicates that he

seeks relief under 42 U.S.C. § 1983.  As for factual allegations, the amended pleading states: "Robert Green a Wal-Mart loss prevention . . . false allegation, false imprisonment, slander." Docket entry #6.

The Eighth Circuit has instructed that the decision of whether a complaint is frivolous or malicious precedes the decision of whether to grant *in forma pauperis* status and whether to order service of process.  *See Carney v. Houston* 33 F.3d 893, 895 (8th Cir. 1994)(quoting *Gentile v. Missouri Dept. Of Corrections*, 986 F.2d 214 (8th Cir. 1993)). "If the complaint is frivolous or malicious, the district court should dismiss it out of hand." *Id.*  A complaint is frivolous where it lacks an arguable basis either in law or fact, and it lacks an arguable basis in law if the claim is based on an indisputably meritless legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 325-27 (1989).

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the federal Constitution or laws of the United States.  *See* 42 U.S.C. § 1983; *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996).   It is well established that a § 1983 action can only be filed against a state actor or a person acting under the color of state law.  *See* 42 U.S.C. § 1983; *Scheeler v. City of St. Cloud, Minn.,* 402 F.3d 826, 830 (8th Cir. 2005); *see also Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (explaining that: "Section 1983 secures most constitutional rights from infringement by governments, not private parties").

Here, Plaintiff brings suit against a private party, and he alleges no facts in either of his pleadings indicating that the defendant took action under color of state law.   Copies of a police

report and other documents attached to the complaint indicate that on August 9, 2010, an individual named Robert Green reported to the Benton Police Department that three males stole laptop computers from Wal Mart's store in Benton, and Green provided the police with photographs of the suspects.  According to a copy of an executed arrest warrant attached to the complaint, officers arrested an individual named Michael Boyd on October 7, 2010 for theft of property.

Neither the face of Plaintiff's pleadings nor the documents attached thereto indicate that defendant took any action under color of state law.  Accordingly, the Court finds that Plaintiff's allegations have no legal basis under 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED that this action is DISMISSED WITH PREJUDICE, and all pending motions are denied as moot.  Pursuant to the judgment entered together with this order, this action is dismissed with prejudice.

IT IS SO ORDERED THIS 24TH DAY OF AUGUST, 2012.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE